UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION - LEXINGTON

| | |
|---|---|
| RAY ANTHONY WASHINGTON,<br>Plaintiff,<br><br>V.<br><br>UNITED STATES OF AMERICA, et al,<br>Defendants. | Civil Action No. 5: 14-201-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Ray Anthony Washington is an individual confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Washington has filed a civil rights action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1] The Court has granted Washington's motion to pay the filing fee in installments by prior order. [R. 7]

**I**

On May 10, 2001, Washington and four others were indicted in this Court on numerous counts of conspiracy, drug trafficking, racketeering, money laundering, and unlawfully transporting firearms. The charges were brought by United States Attorney Kevin Dickens, with United States District Judge Karl Forester presiding. Several ancillary matters were referred to United States Magistrate Judge James B. Todd during the case. After substantial pretrial proceedings, Washington signed a written agreement on February 7, 2002, to plead guilty to conspiracy to possess and distribute cocaine in violation of 21 U.S.C. § 846 in exchange for the dismissal of all other charges. Judge Forester subsequently denied Washington's motion to withdraw his guilty plea, and following a hearing on June 28, 2002, sentenced Washington to a 240-month term of incarceration. *United States v. Washington*, No. 5:01-CR-47-DCR-1 (E.D. Ky. 2001). The

1

Sixth Circuit affirmed on direct appeal. *United States v. Washington*, 112 F. App'x 501 (6th Cir. 2004).

Washington filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255 on July 29, 2005. Judge Todd issued a report and recommendation that Washington's petition be denied, which Judge Forester adopted on May 25, 2007. The Sixth Circuit denied Washington a certificate of appealability from that order on May 8, 2008. Washington subsequently filed numerous motions for relief from his conviction, all without success.

Washington's present complaint consists of a combined 136 pages of documents, which includes the body of the complaint and numerous exhibits that are interspersed throughout its length. [R. 1] Washington has named as defendants the United States of America; AUSA Dickens; Magistrate Judge Todd; Judge Forester; judges Karen Nelson Moore, J. Sutton, and Ann Aldrich of the United States Court of Appeals for the Sixth Circuit; United States Senators Mitch McConnell and Rand Paul; and United States Congressmen Ben Chandler, Brett Guthrie, Ed Whitfield, Geoff Davis, Hal Rogers, and John Yarmoth.

Washington claims that through operation of the federal drug laws, federal prosecutors, judges, an elected officials are committing "unconscious racism," and that the United States is liable for the resulting violation of the civil rights of minorities as the supervisor and employer of these federal officials. [R. 1, pp. 3-8] He further claims that Dickens engaged in selective and vindictive prosecution against him based upon his race, engaged in prosecutorial misconduct by introducing false, misleading, and unreliable information at trial, and failed to adequately respond to the arguments he made in his motion for relief under § 2255. [R. 1, pp. 8-25] Washington also appears to claim that Magistrate Todd, Judge Forester, and judges Moore, Sutton, and Aldich of the Sixth Circuit

participated in a conspiracy to deprive him of his civil rights by rejecting his arguments and issuing rulings against him during his direct criminal appeal or in subsequent proceedings under 28 U.S.C. § 2255. [R. 1, pp. 27-126] Finally, Washington alleges that in February 2011 he advised Kentucky's representatives in the United States Senate and House of Representatives of these violations of his civil rights, but that they "neglected to inquire into the matter." [R. 1, pp. 126-135] Washington seeks an evidentiary hearing and release from custody. [R. 1, p. 136]

## II

The Court must conduct a preliminary review of Washington's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Washington's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed Washington's complaint, the Court must dismiss it because the United States is entitled to sovereign immunity from constitutional claims, and because the complaint is prematurely filed against the individual defendants until Washington obtains reversal of his criminal conviction, whether by proper motion in his criminal case or through habeas corpus.

3

As a sovereign entity the United States is immune from suit absent its consent. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA constitutes a limited waiver of that immunity for suits sounding in tort against employees and officers of the United States for acts committed within the scope of their employment. *Ali v. Federal Bureau of Prisons*, 552 U.S. 214 ,217-18 (2008). But this limited waiver does not extend to constitutional tort claims. *Meyer*, 510 U.S. at 478 ("the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims."); *Jacheta v. United States*, 653 F.3d 898, 904 (9th Cir. 2011). The Court must therefore dismiss Washington's constitutional claims against the United States for lack of subject matter jurisdiction.

Washington also contends that the individual defendants acted wrongfully and in violation of his civil rights when they rejected his arguments and ruled against him during his original criminal proceedings, on direct appeal, and during collateral review proceedings. But the Supreme Court has long held that:

> ... when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The rule in *Heck* applies with equal force to civil rights claims asserted under *Bivens* by a federal prisoner. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995). Here, Washington's allegations are direct challenges to the correctness of the rulings against him in his federal criminal proceedings, and if correct would undermine confidence in his criminal conviction. He must therefore first be successful in using them to obtain relief from his conviction before pursuing them in a civil rights action, and until that time, his constitutional claims are premature. *Akers v. Martin*,

227 F. App'x 721, 723 (10th Cir. 2007); *Nelson v. Jimenez*, 178 F. App'x 983, 984 (11th Cir. 2006).

Further, Washington directly requests immediate release from confinement and/or dismissal of the indictment against him. [R. 1, p. 136] But a prisoner must use habeas corpus to challenge "the fact or duration of his confinement," and a civil rights action cannot be used to seek either "immediate release from prison" or the shortening of his term of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Therefore prisoners may not use § 1983 or *Bivens* "when they seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of [their] custody." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). Because Washington must invoke habeas remedies to obtain the relief he seeks and may not file suit under the civil rights laws until he does so successfully, his constitutional claims against the defendants must be dismissed without prejudice.

Accordingly, **IT IS ORDERED** that:

1. Washington's constitutional claims against the United States are **DISMISSED WITH PREJUDICE**; Washington's claims against the remaining individual defendants [R. 1] are **DISMISSED WITHOUT PREJUDICE**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **STRICKEN** from the docket.

Dated December 9, 2014.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY